**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Catherine Andrews, on behalf of herself and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 25-cv-3372 |
| NORTHWESTERN MEDICINE, d/b/a Northwestern Medicine Kishwaukee Hospital, Northwestern Memorial Hospital, Northwestern Medicine Central DuPage Hospital, Northwestern Medicine Delnor Hospital, Northwestern Medicine Lake Forest Hospital, Northwestern Medicine Valley West Hospital, Northwestern Medicine McHenry Hospital, Northwestern Medicine Huntley Hospital, Northwestern Medicine Woodstock Hospital, Northwestern Medicine Palos Hospital, and Northwestern Medicine Marianjoy Rehabilitation Hospital, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) | Jury Trial Demanded |

## COMPLAINT

Plaintiff Catherine Andrews ("Plaintiff"), on behalf of herself and all others similarly situated, known and unknown, through her attorneys, the Garfinkel Group, LLC, complains against Defendant Northwestern Medicine, d/b/a NORTHWESTERN MEDICINE, d/b/a Northwestern Medicine Kishwaukee Hospital, Northwestern Memorial Hospital, Northwestern Medicine Central DuPage Hospital, Northwestern Medicine Delnor Hospital, Northwestern Medicine Lake Forest Hospital, Northwestern Medicine Valley West Hospital, Northwestern Medicine McHenry Hospital, Northwestern Medicine Huntley Hospital, Northwestern Medicine Woodstock Hospital, Northwestern Medicine Palos Hospital, and Northwestern Medicine Marianjoy Rehabilitation Hospital, ("Defendant"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), Illinois Wage Payment and Collection

1

Act, 820 ILCS 115/1 *et seq.*, ("IWPCA"), and the Illinois One Day Rest in Seven Act, 820 ILCS 140/0.01, et seq., ("ODRISA") and in support thereof, Plaintiff states:

## INTRODUCTION

1.      This is a hybrid collective and class action under Federal and Illinois law for wage theft.

2.      Plaintiff, and the putative collective and class she seeks to represent, are nurses currently and formerly employed by Defendant at the eleven (11) hospitals it operates in Chicago and the surrounding suburbs.

3.      Each workday, Defendant automatically deducted thirty (30) minutes from Plaintiff's and each putative collective/class member's hours worked for a lunch break, regardless of whether a lunch break was taken.

4.      Plaintiff and the members of the putative collective/class were not completely relieved of duty for these 30-minute breaks and therefore were not paid their earned and agreed to wages for all hours worked in violation of the FLSA, IMWL, and IWPCA.

5.      Additionally, starting January 1, 2023, NMH was required to provide a twenty-minute break in addition to a lunch break to employees working shifts of more than twelve (12) hours.

6.      Defendant failed to provide Plaintiff and members of the putative collective/class with twenty-minute breaks when they worked shifts longer than twelve (12) hours in violation of ODRISA.

7.      Plaintiff and the members of the collective/class now bring the present suit for wage theft under the IMWL, FLSA, and IWPCA in relation to Defendant's unlawful deductions.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant 29 U.S.C. § 203 (FLSA); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1367 (supplemental jurisdiction).

9.      Venue is appropriate in this district pursuant to 29 U.S.C. § 203 (FLSA) and 28 U.S.C. § 1391(b)(1), (2) (venue generally).

## PARTIES

10.     Plaintiff, Catherine Andrews ("Plaintiff"), is a former nurse employee of Northwestern Medicine.

11.     Defendant Northwestern Medicine is an Illinois not-for-profit corporation doing business in Chicago and the surrounding suburbs under various wholly owned subsidiary not-for-profit corporations with its principal place of business and headquarters in Chicago, Illinois.

## FACTS

12.     Plaintiff began working for Defendant as a nurse in the Emergency Department of Kishwaukee Hospital on March 23, 2022.

13.     Plaintiff was a full-time hourly employee.

14.     Plaintiff typically worked three 12-hour shifts per week but regularly picked up extra 12 hour shifts each week.

15.     Under the FLSA, and by extension, the IMWL,[1] employers are permitted to provide employees with unpaid meal or break periods, but they must be completely relieved of all work duties:

> (a) Bona fide meal periods. Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating. (*Culkin v. Glenn L. Martin, Nebraska Co.*, 97 F. Supp. 661 (D. Neb. 1951), aff'd 197 F. 2d 981 (C.A. 8, 1952), cert. denied 344 U.S. 888 (1952); *Thompson v. Stock & Sons, Inc.*, 93 F. Supp. 213 (E.D. Mich. 1950), aff'd 194 F. 2d 493 (C.A. 6, 1952); *Biggs v. Joshua Hendy Corp.*, 183 F. 2d 515 (C. A. 9, 1950), 187 F. 2d 447 (C.A. 9, 1951); *Walling v. Dunbar Transfer & Storage Co.*, 3 W.H. Cases 284; 7 Labor Cases para. 61.565 (W.D. Tenn. 1943); *Lofton v. Seneca Coal and Coke Co.*, 2 W.H. Cases 669; 6 Labor Cases para. 61,271 (N.D. Okla. 1942); aff'd 136 F. 2d 359 (C.A. 10, 1943); cert. denied 320 U.S. 772 (1943); *Mitchell v. Tampa Cigar*

---

[1] The IMWL incorporates the FLSA's standards. See 820 ILCS § 105/1 *et seq.*; 820 ILCS § 105/4(a); *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 650 (N.D. Ill. 2007) (Courts have held that the IMWL parallels the FLSA, and that the same analysis generally applies to both statutes,) (citing *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2004 WL 1882449, at *4 (N.D. Ill. Aug. 18, 2004).

*Co.*, 36 Labor Cases para. 65, 198, 14 W.H. Cases 38 (S.D. Fla. 1959); *Douglass v. Hurwitz Co.*, 145 F. Supp. 29, 13 W.H. Cases (E.D. Pa. 1956)).

29 C.F.R. § 785.19.

16. It was Defendant's policy that Plaintiff and other nurses were permitted to take a 30-minute lunch break.

17. It was also Defendant's policy and practice to automatically deduct thirty (30) minutes from Plaintiff's hours worked each day for this lunch break.

18. However, Plaintiff was rarely, if ever, completely relieved of her duties in the Emergency Department and as a result, was typically unable to take a lunch break.

19. In the first six months of her employment, Plaintiff rarely if ever received a lunch break but had the thirty minutes deducted from her hours worked and was not paid for that work.

20. This meant that Defendant required Plaintiff to regularly perform off-the-clock work by deducting pay for breaks that were not actually given, thereby causing Plaintiff not to be paid the proper rate of pay for all hours worked, violating the FLSA and IMWL.

21. Moreover, the IWPCA requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 Ill. Comp. Sta. 115/2.

22. Defendant agreed to pay Plaintiff her hourly wage for all hours worked.

23. By requiring Plaintiff to regularly perform off-the-clock work, Defendant failed to pay Plaintiff her promised and agreed wages in violation of the IWPCA.

24. Starting in January 2023, Defendant was required to provide its employees, including Plaintiff, with an additional 20-minute break if the employee worked a shift of twelve or more hours.

25. Plaintiff regularly worked twelve-hour shifts and thus was entitled by law to this break.

26. However, management in Plaintiff's department stated that Plaintiff and other ED nurses could take that break only if they got another nurse to cover their patients but due to staffing

4

levels no nurses were able to cover patients such that Plaintiff and other nurses could ever take the break.

27. In September 2023, Defendant rolled out an app for employees to report if they were getting their 20-minute breaks, but the ED department's nurse manager told Plaintiff and other nurses not to use the app to report their lack of 20-minute breaks.

28. Plaintiff feared retaliation if she used the app to report she was not getting her 20-minute breaks.

29. With the exception of one time, Plaintiff did not receive her legally required 20-minute breaks from January 2023 through October 2023 when she was injured on the job.

30. Defendant's practice of not providing 20-minute breaks to employees working twelve-hour shifts remains ongoing.

**COLLECTIVE AND CLASS ALLEGATIONS**

31. Plaintiff and the Collective/Class members seek to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23, on behalf of themselves and all other nurse employees of Defendant who were not paid for all hours worked and did not receive all paid breaks as required by law.

32. The foregoing allegations related to the nonpayment of wages for all hours worked and failure to provide all paid breaks as required by law are common and applicable to all eleven hospitals operated by Defendant.

33. All eleven hospitals operate under the Northwestern Medicine name, logo, and trademark and share a common business purpose.[2]

34. Plaintiff underwent mandatory training at other Northwestern hospitals.

---

[2] See e.g., https://www.nm.org/locations

5

35.     All eleven hospitals share certain administrative functions such as payroll, legal, and human resources and centralize their labor policies and procedures (e.g., licensure, credentialing, and employee policies like break time).

36.     All eleven hospitals have overlapping leadership and share resources, such as a common electronic medical record system, such that there is an interrelation of operations.[3]

37.     All of the employees that are part of the putative Collective/Class employed at each of the eleven hospitals were subject to unified management and control by Defendant.

38.     Plaintiff's department employed approximately 50 nurses and each of the eleven hospitals operated by Defendant had an emergency department so the potential Collective/Class could number in the hundreds, if not thousands, making it so numerous that joinder of all collective/class members in one lawsuit is impractical.

39.     The issues involved in this lawsuit present common questions of law and fact, including:

   a.  Whether Plaintiff and the Class were paid for all hours worked;

   b.  Whether Plaintiff and the Class were paid according to their agreements with Defendant;

   c.  Whether Defendant improperly deducted thirty (30) minutes for meal breaks that were subsequently not provided;

   d.  Whether Defendant paid the federal minimum wage for all hours worked;

   e.  Whether Defendant paid the state minimum wage for all hours worked; and

   f.  Whether Defendant provided additional 20-minute breaks to nurses working twelve-hour shifts as required by Illinois law.

---

[3] https://www.nm.org/about-us ("Office of the CEO – Northwestern Medicine is an integrated academic health system…")(last visited 2/26/2025).

40. Plaintiff also anticipates that Defendant will raise defenses that are common to the Collective/Class.

41. These questions of law and fact predominate over variations that may exist between members of the Collective/Class, if any.

42. Plaintiff, the other members of the Collective/Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

43. If individual actions were required to be brought by each member of the Collective/Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

44. Moreover, the alleged harm is ongoing, and Plaintiff seeks injunctive relief on a class-wide basis against Defendant to prevent further future violations of Federal and State law.

45. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

46. The books, records, and electronic data of Defendant are material to Plaintiff's case as they disclose Class member's hours worked and hourly wages.

47. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

48. Plaintiff retained counsel experienced in complex class action litigation.

49. Within the prior three (3) years, and at all times relevant herein, Plaintiff and the Collective/Class were employed by the Defendant as "employees" under the FLSA, IMWL, and IWPCA. 29 U.S.C. § 203(e)(1); 820 ILCS §105/3; 820 ILCS 115/2.

50. Likewise, at all times relevant herein, Defendant employed Plaintiff and the Collective/Class she seeks to represent and therefore met the definition of an "employer," as defined by the FLSA, IMWL, and the IWPCA. 29 U.S.C. § 203(e)(1); 820 ILCS §105/3; 820 ILCS 115/2.

7

51. Plaintiff and the Collective/Class are current and former hourly employees who either work or worked for Defendant as nurses at one of Defendant's eleven hospitals during the relevant timeframe who were not paid for all hours worked and/or did not receive all breaks as required by law.

## COUNT I – FLSA COLLECTIVE ACTION
## FAILURE TO PAY WAGES FOR ALL HOURS WORKED

52. Paragraphs 1 through 50 are incorporated by reference as though fully restated herein.

53. This Count arises from Defendant's violation of the FLSA through its policy/practice of automatically deducting lunch breaks from nurses' time and not paying them for that time, regardless of whether the nurses, like Plaintiff and the Collective members, actually took a lunch break.

54. The FLSA requires employers to pay employees for all hours worked. 29 U.S.C.A. § 206.

55. Plaintiff and Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) in that Defendant subjected them all to a common practice of automatically deducting 30-minutes from their time cards each day for lunch breaks regardless of whether the lunch break was taken.

56. The automatic deduction of the 30-minute break resulted in Plaintiff and the Collective not being paid for all hours worked.

57. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff attaches as Exhibits A her Notice of Consent to Become a Party Plaintiff in a Collective Action under the FLSA.

58. All past and present non-exempt nurse employees who have worked for Defendant at its eleven hospitals during the previous 3 years are similarly situated to Plaintiff.

59. Defendant applied its compensation policies, which violate the FLSA, on a company-wide basis, including towards Plaintiff.

60. Plaintiff and the Collective were engaged in job duties and responsibilities integral and indispensable to the operation of Defendant's business, and neither Plaintiff, nor any other member of the Collective has received all wages owed to them pursuant to the FLSA.

61. Plaintiff's experience is typical of the experiences of the putative collective members.

62. For all members of the putative collective to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

63. The members of the Collective who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

64. As a result of the illegal automatic deduction of 30-minute lunch breaks, Plaintiff and the Collective suffered damages in the form of earned but unpaid wages.

65. Defendant's automatic deduction of lunch breaks from nurses' time constituted a willful or reckless disregard for compliance with the FLSA given that Defendant uses advanced metrics to track hospital and department staffing, staffing shortfalls, patient volume, and patient occupancy rates.

WHEREFORE, Plaintiff on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A. Find this action may be maintained as a collective action pursuant to the FLSA;

B. Award judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint;

C. Awarding liquidated damages in an amount equal to the amount of unpaid wages found due pursuant to the FLSA;

D. Awarding prejudgment interest with respect to the amount of unpaid wages;

E.   Awarding reasonable attorneys' fees and costs incurred in filing this action;

F.   Entering an injunction precluding Defendant from violating the FLSA; and

G. Ordering such other and further relief as the Court deems appropriate and just.

**COUNT II – IMWL CLASS ACTION**
**FAILURE TO PAY WAGES FOR ALL HOURS WORKED**

66.   Paragraphs 1 through 50 are incorporated by reference as though fully restated herein.

67.   Count II arises from Defendant's violation of the IMWL through its policy/practice of automatically deducting lunch breaks from nurses' time and not paying them for that time, regardless of whether the nurses, like Plaintiff and the Collective members, actually took a lunch break.

68.   The IMWL requires an employer to pay all non-exempt employees for all hours worked. 820 ILCS 105/4(a).

69.   Plaintiff was Defendant's employee within the meaning of the IMWL. 820 ILCS §105/3.

70.   Defendant was Plaintiff's employer within the meaning of the IMWL. 820 ILCS §105/3.

71.   Defendant violated the IMWL by failing to pay Plaintiff and the Class for all hours worked.

72.   Defendant's automatic deduction of lunch breaks from nurses' time constituted a willful or reckless disregard for compliance with the FLSA given that Defendant uses advanced metrics to track hospital and department staffing, staffing shortfalls, patient volume, and patient occupancy rates.

73.   This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, the Emergency Department at Kishwaukee Hospital alone employed approximately fifty

(50) nurses at any one time who were subject to Defendant's common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

74. Plaintiff and the Class have been equally affected by Defendant's failure to properly pay wages for all hours worked.

75. Specifically, Plaintiff and the Class are similarly situated individuals in that Defendant automatically deducted a 30-minute lunch break from Plaintiff and the Class for which they received no pay (i.e., were clocked out) but for which they were not totally relieved of all duties.

76. These non-payments and/or pay deductions resulted in Plaintiff and the Class working unpaid hours each week.

77. As a direct result of Defendant's violation of the IMWL, Plaintiff and the Class suffered the loss of compensation in the form of unpaid wages for all hours worked.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A. Find this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B. Appoint Plaintiff as Class Representative and undersigned counsel as Class Counsel;

C. Award actual damages for unpaid wages;

D. Awarding statutory damages of monthly interest and treble damages pursuant to the IMWL (820 Ill. Comp. Stat. 105/12(a));

E. Grant injunctive relief precluding Defendant from violating the IMWL in this manner going forward;

F. Award reasonable attorneys' fees and costs incurred in filing this action; and

G. Order such other and further relief as the Court deems appropriate and just.

## COUNT III – IWPCA CLASS ACTION
## FAILURE TO PAY ALL PROMISED WAGES

78. Paragraphs 1 through 50 are incorporated by reference as though fully restated herein.

11

79.     Plaintiff brings Count III under the IWPCA for Defendant's failure to pay Plaintiff and the Class according to their agreements. 820 Ill. Comp. Sta. 115/2.

80.     Plaintiff was Defendant's employee and Defendant was Plaintiff's employer within the meaning of the IWPCA. 820 ILCS 115/2.

81.     Defendant agreed to play Plaintiff and the Class for all hours worked.

82.     Defendant automatically deducted 30-minute lunch breaks from Plaintiff and the Class members' time each day even when Plaintiff and the Class members were not completely relieved of their duties during the time deducted and/or worked through their lunch breaks entirely.

83.     The policies and practices resulted in deductions being made to Plaintiff and the Class's pay for time worked, resulted in unpaid promised wages.

84.     This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiff believes Defendant has employed in excess of fifty (50) persons who have been subject to Defendant's common unlawful pay practices during the statutory ten (10) year period preceding the filing of this Complaint.

85.     Plaintiff and the Class have been equally affected by Defendant's failure to properly pay the legal minimum overtime wage for all hours worked.

86.     Specifically, Plaintiff and the Class are similarly situated individuals in that Defendant failed to pay Plaintiff and the Class all earned and agreed to wages.

87.     If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the

Plaintiff Class is entitled.

88. As a direct result of Defendant's violation of the IWPCA, Plaintiff and the Class suffered the loss of compensation in the form of unpaid wages.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A. Find this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B. Appoint Plaintiff as Class Representative and their Counsel as Class Counsel;

C. Award actual damages in the amount of the earned and unpaid wages;

D. Award statutory damages equivalent to the maximum statutory monthly interest penalties available pursuant to 820 ILCS 115/14;

E. Award reasonable attorneys' fees and costs incurred in filing this action;

F. Grant injunctive relief barring Defendant from future and further violations of the IWPCA through the use of automatic deductions of 30-minute lunch breaks; and

G. Order such other and further relief as the Court deems appropriate and just.

## COUNT IV – ODRISA CLASS ACTION
## FAILURE TO PROVIDE REQUIRED MEAL AND REST BREAKS

89. Paragraphs 1 through 50 are incorporated by reference as though fully restated herein.

90. On May 13, 2022, the Illinois Legislature passed P.A. 102-828 which amended ODRISA, specifically § 3 to require:

> Every employer shall permit its employees who are to work for 7 1/2 continuous hours ~~or longer~~, except those specified in this Section, at least 20 minutes for a meal period beginning no later than 5 hours after the start of the work period. **An employee who works in excess of 7 1/2 continuous hours shall be entitled to an additional 20–minute meal period for every additional 4 1/2 continuous hours worked. For purposes of this Section, a meal period does not include reasonable time spent using the restroom facilities.**

13

See 820 ILCS 140/3; see also IL LEGIS 102-828 (2022), 2022 Ill. Legis. Serv. P.A. 102-828 (S.B. 3146) (WEST) (strikethrough text indicates words removed, bold text indicates words added).

91. Additionally, P.A. 102-828 amended § 7 of ODRISA to make violation of § 3 by an employer a civil offense (previously a petty offense) with damages payable to the employee affected of upwards of $500 per offense in the case of employers with more than 25 employees. See 820 ILCS 140/7; see also IL LEGIS 102-828 (2022), 2022 Ill. Legis. Serv. P.A. 102-828 (S.B. 3146) (WEST).

92. These amendments to ODRISA went into effect on January 1, 2023. *Id.*

93. Plaintiff worked for Defendant from January 2023 to October 2023 and typically worked twelve-hour shifts.

94. Plaintiff was not provided with the minimum 20-minute meal break as required by ODRISA or with the additional 20-minute break when working a shift of twelve or more hours.

95. Each date on which Plaintiff was not provided a meal break or extra 20-minute break as required by ODRISA is a separate violation. See 820 ILCS 140/7.

96. Defendant failed to provide Plaintiff, and other similarly situated individuals, with meal breaks in compliance with ODRISA and on information and belief Defendant continues to fail to provide these legally required breaks to employees like Plaintiff.

97. As a result of Defendant's failure to provide Plaintiff and other similarly situated individuals with meal breaks and rest breaks in compliance with ODRISA, Plaintiff and other similarly situated individuals were damaged and under Section 7 of ODRISA are entitled to damages of up to $500 per violation.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A. Find that this action may be maintained as a class action under Fed.R.Civ.P. 23(b);

B. Appoint Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel;

14

C.  Award statutory damages of $500 per violation pursuant to 820 ILCS 115/14; and

D.  Order such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable herein.

The Garfinkel Group, LLC
701 N. Milwaukee Ave.
Chicago, IL 60642
Matthew Fletcher (IARDC No. 6305931)
matthew@garfinkelgroup.com
(312) 736-7991

Respectfully submitted,

/s/ Matthew Fletcher
One of Plaintiff's Attorneys