IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE ANDREWS, on behalf of herself and all other similarly situated persons, known and unknown, <br><br> Plaintiff(s), <br><br> v. <br><br> NORTHWESTERN HOSPITAL, <br><br> Defendant. | Case No. 25-cv-3372 <br><br> Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Plaintiff Catherine Andrews ("Plaintiff"), on behalf of herself and all others similarly situated, brings suit against her former employer, Kishwaukee Community Hospital d/b/a Northwestern Medicine Kishwaukee Hospital and ten other hospitals and facilities operating as Northwestern Medicine[1] entities. Plaintiff alleges violations of various Illinois and federal labor laws for failing to provide breaks and thus not paying employees for all hours worked. Defendants move to dismiss Count IV of Plaintiff's putative class and collective action complaint for failure to state a

---

[1] Defendants' counsel explains that "Northwestern Medicine" is a trade name and that Plaintiff's employer is Kishwaukee Community Hospital d/b/a as Northwestern Medicine Kishwaukee Hospital. Defendants' counsel brings this motion to dismiss on behalf of all hospitals named in Plaintiff's complaint: Northwestern Medicine Kishwaukee Hospital, Northwestern Memorial Hospital, Northwestern Medicine Central DuPage Hospital, Northwestern Medicine Delnor Hospital, Northwestern Medicine Lake Forest Hospital, Northwestern Medicine Valley West Hospital, Northwestern Medicine McHenry Hospital, Northwestern Medicine Huntley Hospital, Northwestern Medicine Woodstock Hospital, Northwestern Medicine Palos Hospital, and Northwestern Medicine Marianjoy Rehabilitation Hospital.

1

claim under Federal Rule of Civil Procedure 12(b)(6). [10], [11]. For the reasons stated herein, Defendants' Partial Motion to Dismiss is granted.

## I. Background

The following factual allegations taken from the operative complaint [1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Plaintiff Catherine Andrews is a former employee of Defendant Northwestern Medicine. [1] ¶ 10. On March 23, 2022, Plaintiff began working as a nurse in Northwestern Medicine Kishwaukee Hospital's Emergency Department. *Id.* ¶ 12. Plaintiff was a full-time hourly employee who usually worked at least three 12-hour shifts per week. *Id.* ¶¶ 13–14.

Under Defendants' policy, nurse employees were permitted to take a 30-minute lunch break. *Id.* ¶ 16. Defendant would automatically deduct thirty minutes from nurse employees' hours worked for each day, regardless of whether they took a lunch break. *Id.* ¶¶ 3, 17. Plaintiff alleges she rarely was completely relieved of her duties, and therefore, typically was unable to take a lunch break.[2] *Id.* ¶ 18. Because Defendants continued to deduct thirty minutes from Plaintiff's recorded working time for breaks not given, Plaintiff regularly completed off-the-clock work in the Emergency Department and was not paid the proper rate of pay for all hours worked. *Id.* ¶¶ 19–20.

Starting on January 1, 2023, Defendant was required to permit a minimum

---

[2] Pursuant to the FLSA and the IMWL, by extension, an employee must be completely relieved from work duties during an unpaid bona fide meal period. An "employee is not relieved if [she] is required to perform any duties, whether active or inactive, while eating." 29 C.F.R. § 785.19.

2

20-minute meal break and an additional 20-minute break if an employee worked a shift of twelve or more hours. *Id.* ¶¶ 5, 24. Plaintiff alleges management in the Kishwaukee Community Hospital allowed nurse employees to take the additional break only if another nurse covered the patients under their care. *Id.* ¶ 26. However, due to staffing issues, there were no nurses available for coverage, so Plaintiff and other nurse employees could not take the additional break. *Id.* ¶ 26. In September 2023, Defendant released an application for nurse employees to report if they were getting their additional 20-minute breaks. *Id.* ¶ 27. However, Plaintiff alleges the Emergency Department's nurse manager told nurse employees not to report their missing additional breaks and Plaintiff feared retaliation if she used the application. *Id.* ¶¶ 27–28. From January to October 2023, Plaintiff received an additional break only once. *Id.* ¶ 29. Defendant continues not to permit the required additional breaks for employees working 12-hour shifts. *Id.* ¶ 30.

Plaintiff filed her collective action and class action complaint on March 28, 2025, alleging that Defendants' policies and practices violated the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), Illinois Wage Payment and Collection Act ("IWPCA"), and Illinois One Day Rest in Seven Act ("ODRISA" or "ODRA"). *Id.* ¶¶ 53, 67, 79, 94, 96. Plaintiff brings suit as a putative collective action under 29 U.S.C. §216(b) and a putative class action under Federal Rule of Civil Procedure 23 on behalf of herself and other similarly situated former and current nurse employees of Defendants' eleven hospitals. *Id.* ¶ 31. Under Counts I, II, and III, Plaintiff alleges that Defendant violated the FLSA, IMWL, and IWPCA

3

respectively by failing to pay all promised wages for all hours worked after Defendant automatically deducted thirty minutes from her worked hours despite Plaintiff completing off-the-clock work during the permitted lunch break period. *Id.* ¶¶ 53, 67, 79. Under Count IV, Plaintiff alleges that Defendant violated ODRISA by failing to permit the required minimum 20-minute meal break and additional 20-minute rest breaks whenever she completed a shift of twelve or more hours. *Id.* ¶¶ 90, 94 (discussing 820 ILCS 140/3).

On June 16, 2025, Defendant moved to dismiss Count IV of Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [10], [11].

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins.*

4

*Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III.   Analysis

Defendants contend that Count IV of Plaintiff's complaint should be dismissed because ODRISA does not create a private right of action. "Statutes can provide either express or implied rights of action—or none at all." *Alarm Detection Sys., Inc. v. Orland Fire Protection Dist.*, 929 F.3d 865, 870 (7th Cir. 2019). The parties agree that the statute does not provide an express private right of action. [11] at 3–5; *see generally* [16] (arguing only for implied right of action); [18] at 2. Thus, the crux of the dispute is whether an implied private right of action exists under ODRISA.

When analyzing whether a state statute creates a private cause of action, federal courts apply the state's law to assess that question. *See Brownsburg Area Patrons Affecting Change v. Baldwin*, 137 F.3d 503, 507 (7th Cir. 1998) ("Federal

5

courts must interpret a state statute as that state's courts would construe it."). Under Illinois law,

> [i]mplication of a private right of action is appropriate only if: (1) plaintiff is a member of the class for whose benefit the Act was enacted; (2) it is consistent with the underlying purpose of the Act; (3) plaintiff's injury is one the Act was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the Act.

*Corgan v. Muehling*, 574 N.E.2d 602, 609 (Ill. 1991). All four factors must be met before a private right of action is implied. *Abbasi v. Paraskevoulakos*, 718 N.E.2d 181, 185 (Ill. 1999). Here, the Court need not analyze all four factors as there is not a strong need for a private remedy to effectuate the purpose of the statute, and therefore, the final factor is not satisfied.

The Illinois Supreme Court has explained that it "implies a private right of action under a statute 'only in cases where the statute would be ineffective, as a practical matter, unless such action were implied.'" *Metzger v. DaRosa*, 805 N.E.2d 1165, 1170 (Ill. 2004) (quoting *Fisher v. Lexington Health Care, Inc.*, 722 N.E.2d 1115, 1120 (Ill. 1999); *accord Bd. of Educ. v. A, C & S, Inc.*, 546 N.E.2d 580 (Ill. 1989) ("*Sawyer* was clear that we will 'imply a private remedy where there exists a *clear need* to effectuate the purpose of an act.'" (emphasis added) (discussing *Sawyer Realty Grp., Inc. v. Jarvis Corp.*, 432 N.E.2d 849, 853 (Ill. 1982)). The relevant inquiry is whether it is necessary to imply a cause of action to enforce the provisions of the statute, *not* whether a particular plaintiff could recover from a particular defendant.[3]

---

[3] Plaintiff misidentifies the test for adequacy. [16] at 8 (describing the analysis as interrogating (1) whether the remedy is capable of making the plaintiff whole; and (2) whether the remedy is "clear, complete, and as practical and efficient to the ends of justice and its prompt administration" (quoting *Horwitz v. Sonnenschein Nath & Rosenthal*, 126 N.E.3d 1, 8 (Ill. Ct. App. 1st Dist. 2018)). Plaintiff's

6

*1541 N. Bosworth Condo. Ass'n v. Hanna Architects, Inc.*, 196 N.E.3d 1108, 1120 (Ill. Ct. App. 3d Dist. 2021). A "statute [either] provides for a private right of action or it does not—it is not a fact-specific inquiry dependent on the particular circumstances of any given case." *Carmicheal v. Prof'l Transp., Inc.*, 239 N.E.3d 512, 521 (Ill. Ct. App. 1st Dist. 2021).

ODRISA expressly provides remedies for violations of its provisions and vests enforcement of the Act with state officials. The Director of Labor is "charged with the duty of enforcing the provisions of [ODRISA] and prosecuting all violations thereof." 820 ILCS 140/6. The Director of Labor also "may make, promulgate and enforce such reasonable rules and regulations relating to the administration and enforcement of the provisions of this Act as may be deemed expedient." *Id.* A violation of 820 ILCS 140/3, governing meal periods, is a civil offense. Employers who violate the Section 140/3 are subject to a civil penalty "not to exceed [$250 or $500 per offense (depending on whether there are fewer or more than 25 employees at the workplace)], payable to the Department of Labor, and damages of up to [$250 or $500] per offense, payable to the employee or employees affected." 820 ILCS 140/7(a). The Act establishes that "[t]he Director of Labor shall enforce this Act in accordance with the Illinois Administrative Procedure Act." *Id.* § 140/7(c). And "[p]enalties and fees …may be assessed by the Department [of Labor] and recovered in a civil action brought by the Department in any circuit court or in any administrative adjudicative proceeding" under the Act. *Id.* § 140/7(d). The Attorney General is to represent the Department

---

annunciated standard is applied when determining if the availability of an adequate legal remedy bars equitable relief. *Horwitz,* 126 N.E.3d 1, 7.

in any civil actions to enforce ODRISA provisions. *Id.*

Plaintiff asserts ODRISA fails to provide an adequate remedy for employees whose employers violate the Act. First, she contends ODRISA offers remedies only as to individual claims, not class claims, and thus is inadequate for classes of employees. [16] at 8–9. But Plaintiff does not cite any dispositive authority that the Act prohibits class relief. In support, Plaintiff contrasts the express provision for class claims under IWPCA, 820 ILCS 115/6, and the language of ODRISA Sections 6 and 7, which is silent as to class claims. *Id.* Plaintiff also points to the ODRISA Complaint Form, which includes fields ostensibly only for an individual complainant's information (though it is not apparent to the Court that a complainant could not file a form on behalf of others similarly situated, like Plaintiff's class action complaint in the instant suit, or include an addendum with the information for other complainants). *See* [16-1]. Altogether, this is not convincing, and the Court is not persuaded ODRISA does not allow class investigations and claims. This conclusion is consistent with other courts that held there is no implied private right of action under ODRISA even in the context of putative class claims. *See, e.g.*, *Sawyer v. Vivint, LLC,* 2015 WL 3420615, at *1, 4 (N.D. Ill. May 28, 2015); *Kostecki v. Dominick's Finer Foods, Inc.*, 836 N.E.2d 837, 840, 845 (Ill. App. Ct. 1st Dist. 2005); *Jones v. Casey's Gen. Stores*, 538 F.Supp.2d 1094, 1197–98, 1104 (S.D. Iowa 2008).

Second, Plaintiff argues the rights of an aggrieved employee like Plaintiff are inadequately dependent on or subordinate to the IDOL and the Illinois Attorney General's Office under ODRISA's enforcement scheme. [16] at 9–10. But the adequacy

8

of a statute's enforcement scheme does not turn on "the claimed right to compensation for ... injuries." *Metzger*, 805 N.E.2d at 1171. Instead, it focuses on "whether adequate remedies are provided to make compliance with the [statute] likely." *Id.*

The extensive express enforcement scheme in ODRISA demonstrates that the Illinois legislature did not intend to imply a private right of action and supports the Court's conclusion that implying a private right of action is unnecessary. The Act provides for civil penalties for each violation and vests enforcement with the Director of the Department, including the power to issue rules and regulations. Furthermore, the Act directs the Attorney General to litigate civil enforcement actions under the statute's provisions. With these enforcement mechanisms, the Court cannot conclude that "the statute would be ineffective, as a practical matter," at providing an adequate remedy for employees whose employers violate the Act absent an implied private right of action. *Metzger*, 805 N.E.2d at 1170.

Relying primarily on *Pilotto v. Urban Outfitters West, L.L.C.*, 72 N.E.3d 772 (App. Ill. Ct. 1st Dist. 2017), Plaintiff contends Defendants impermissibly assume ODRISA's enforcement scheme is adequate. [16] at 11–12. The court in *Pilotto* evaluated whether the Restroom Access Act, which requires retail establishments allow customers to use employee toilets under certain circumstances, provided an implied private right of action. 72 N.E.3d 772, 778, 781–88. Despite the inclusion of an enforcement mechanism in the statute—a violation reported to the police is punishable as a petty offense and a fine not to exceed $100, the court determined the remedy was too weak to encourage compliance. *Id.* at 785. The court reasoned that a

9

plaintiff harmed by a violation of the act "would be reluctant to divulge embarrassing information [like an irritable bowel condition] to local authorities in order to pursue the expressed petty offense remedy," and the absence of motivation to report would render the statute unenforceable *Id.* at 785–86.

ODRISA is distinguishable from *Pilotto*. Concerns that individuals will not report violations due to potential embarrassment are absent here. Likewise, the ODRISA enforcement and penalty scheme are sufficiently robust to encourage compliance. In contrast to *Pilotto*, where the penalty was capped at $100 per violation and the likelihood of repeat violations was comparatively low, the penalties here could be five to ten times higher and violations are substantially more likely to occur, such as in the instant case, where multiple employees are subject to the same workplace policy or practice. Even Plaintiff acknowledges the availability of damages to the employee incentivizes employees to report violations and employers have a greater incentive to comply when faced with increased liability. [16] at 12. This cuts against the need for an implied private right of action. The penalties built into the statutory scheme obviate the need for an implied private right of action as an additional incentive for enforcement.

As Defendants argue, courts routinely conclude the implication of a private right of action is not necessary to implement the underlying public policy of the statute at issue if an aggrieved plaintiff has access to an adequate remedy through government enforcement of a statute. *See* [18] at 5–6 (collecting cases). This is the case even where the statute permits plaintiff-employees to recover directly. *See, e.g.*,

10

*Norwood v. City of Chicago*, 2020 WL 5076687, at *2–3 (N.D. Ill. Aug. 27, 2020) (finding no implied private right of action under the "retaliation and whistleblower protection in violation of the Chicago Ethics Ordinance," which entitles employees who were retaliated against to reinstatement and two times the amount of back pay). So too here.

Numerous Illinois courts and courts applying Illinois law have analyzed this question, and all have concluded that ODRISA's enforcement provisions are adequate, thus declining to imply a private right of action. *See, e.g.*, *Webster v. FirstExpress, Inc.*, 2019 WL 1254936, at *3 n.4 (N.D. Ill. Mar. 19, 2019) ("Because the ODRA provides that the 'Director of Labor shall be charged with the duty of enforcing' its provisions…the Court holds that the ODRA does not provide a private right of action") (analyzing 820 ILCS 140/6); *Sawyer,* 2015 WL 3420615, at *4 (holding ODRISA provides adequate remedies for violations of the Act through the Director of Labor and thus does not satisfy the fourth prong of the test for an implied right of action); *Thakkar v. Station Operators, Inc.*, 697 F. Supp. 2d 908, 927 n.21 (N.D. Ill. 2010) ("The [ODRISA] charges the Illinois Director of Labor with enforcement and does not create a private right of action in individual employees."); *Kostecki*, 836 N.E.2d at 845 (affirming dismissal of ODRISA claim and discussing 820 ILCS 140/6, which vests enforcement authority with the Director of Labor); *see also Carty v. Suter Co., Inc.*, 863 N.E.2d 771, 773 (Ill. App. Ct. 2d Dist. 2007) (noting that the trial court concluded there was no implied private right of action under the ODRISA); *Jones*, 538 F.Supp.2d at 1104 ("the Illinois legislature did not intend to create a private right

11

of action when it enacted [ODRISA]").

Despite recognizing this precedent, Plaintiff claims a different result is warranted here because these cases all predate the 2023 and 2025 amendments to ODRISA and are inapplicable to the amended Act.[4] [16] at 14–16. These amendments changed two sections relevant to Plaintiff's claim: they required employers to allow additional breaks and enhanced the penalty provisions. Only the latter bears on the issue at hand, and as discussed above, these amendments only further incentivized compliance with ODRISA, thus minimizing the necessity for an implied private right of action. And critically, the enforcement provision in Section 6, which other courts relied on when determining the Act does not provide an implied private right of action, was not amended.

Finally, Plaintiff contends finding no implied private right of action impermissibly authorizes claim splitting. [16] at 16–17. But claim splitting and *res judicata* require identity of parties. *Medcor, Inc. v. Kelley*, 2025 WL 2590388, at *5 (N.D. Ill. Sept. 8, 2025). Enforcement proceedings under ODRISA are prosecuted by the Attorney General on behalf of the Department of Labor. 820 ILCS § 140/7(d). Thus, there is no identity of parties with an action brought by an individual employee and no issue of claim splitting or *res judicata.*

---

[4] Plaintiff also argues these cases are not determinative because none apply the four-factor test from *Corgan* or their analysis was contained in a footnote. [16] at 14–16. Although not all cited opinions included a detailed explanation of the four-factor analysis, some did. *See, e.g.*, *Sawyer,* 2015 WL 3420615, at *4 (holding the plaintiff's analysis failed the fourth prong). In any event, the Court is not persuaded by these arguments and declines to discount the existing body of case law on these grounds.

12

The Illinois General Assembly could have gone further and granted employees a private right of action, but it did not do so, and this Court cannot say the statutory framework the legislature did provide is so deficient that it is necessary to imply a private right of action to effectuate the purpose of the Act. *See Alarm Detection Sys., Inc. v. Orland Fire Prot. Dist.*, 194 F. Supp. 3d 706, 713–14 (N.D. Ill. 2016) (Courts "should use caution in implying a private right of action, because, in doing so, it is assuming the policy-making authority more appropriately exercised by the legislature." (quoting *Helping Others Maintain Env't Standards v. Bos*, 941 N.E.2d 347, 363 (App. Ct. Ill. 2d Dist. 2010)).

Accordingly, the Court agrees with Defendants and holds that there is no implied private right of action under ODRISA.

## IV. Conclusion

For the stated reasons, Defendants' Partial Motion to Dismiss [10] is granted. Count IV of Plaintiff's Class and Collective Action Complaint is dismissed with prejudice.

E N T E R:

Dated: September 24, 2025

MARY M. ROWLAND
United States District Judge

13