IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE ANDREWS, on behalf of herself and all other similarly situated persons, known and unknown, <br><br> Plaintiff(s), <br><br> v. <br><br> NORTHWESTERN HOSPITAL, <br><br> Defendant. | Case No. 25-cv-3372 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's motion to certify an issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). [27], [28]. At issue is the Court's September 24, 2025 Memorandum Opinion and Order (the "Order") granting Defendants' motion to dismiss Count IV of Plaintiff's putative class and collective action complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [23]. For the reasons stated herein, Plaintiff's motion to certify the Court's Order for interlocutory appeal is denied.

I. Background

Plaintiff Catherine Andrews, a nurse formerly employed by Northwestern Medicine, initiated this class and collective action against her former employer for failure to pay earned wages in violation of state and federal laws. [1] ¶¶ 52–88. Plaintiff also asserted a claim against Defendants for not providing her or putative collective/class members with requisite breaks if an employee worked a shift of twelve

1

or more hours in violation of the Illinois One Day Rest in Seven Act, 820 ILCS 140/0.01 *et seq.* ("ODRISA"). *Id.* ¶¶ 89–97. Defendants moved to dismiss Plaintiff's ODRISA claim on the basis that the statute did not provide a private right of action. [10], [11]. The Court determined an implied private right of action was not necessary to provide an adequate remedy for violations of ODRISA and granted Defendants' motion to dismiss. [23]. Plaintiff now seeks an interlocutory appeal of that decision.

II. Standard

Motions for interlocutory appeal are governed by 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order…

Accordingly, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd of Trs. of the Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Id.* (emphasis in original). "The criteria are conjunctive, not disjunctive." *Id.* at 676. "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the Seventh Circuit] for an immediate appeal

2

under 1292(b)." *Id.* (emphasis in original). The decision of whether to allow an immediate interlocutory appeal of a non-final order pursuant to § 1292(b) is within the discretion of the district court. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) (holding that Congress chose to confer on district courts first line discretion to allow interlocutory appeals); *see also Breuder v. Board of Trs. of Cmty. College Dist. No. 502*, 888 F.3d 266, 271 (7th Cir. 2018).

"Interlocutory appeals are frowned on in the federal judicial system." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). This is because they "interrupt litigation and by interrupting delay its conclusion; and often the issue presented by such an appeal would have become academic by the end of the litigation in the district court, making an interlocutory appeal a gratuitous burden on the court of appeals and the parties, as well as a gratuitous interruption and retardant of the district court proceedings." *Id.* For this reason, the party seeking an interlocutory appeal must show that "exceptional circumstances justify the departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quoting *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)).

### III. Analysis

Defendants dispute that Plaintiff can satisfy three of the four criteria for interlocutory appeal. The Court addresses each argument in turn.[1]

---

[1] Defendants to do not dispute the timeliness of Plaintiff's motion or that the question at issue is a question of law. *See* [30]. The Court agrees. An appeal presents a question of law when it raises a "question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine." *Boim v. Quranic Literacy Inst. and Holy Land Found. for Relief and Dev.*, 291 F.3d 1000,

### A. Controlling Question of Law

"A question of law is controlling if its resolution is likely to affect the course of the litigation, even if not certain to do so," *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 658 (7th Cir. 1996), and is "serious to the conduct of the litigation, either practically or legally." *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). The question at issue need not be dispositive to be considered controlling under § 1292(b). *See Sterk*, 672 F.3d at 536 ("[N]either the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there.").

The Court has no difficulty concluding resolution to this question is likely to affect the course of litigation. Determining whether ODRISA implies a private right of action would affect the further course of the litigation by providing a right to relief not previously recognized. *See, e.g.*, *In re MCK Millennium Ctr. Parking, LLC*, 2015 WL 2004887, at *4 (N.D. Ill. Apr. 29, 2015) (collecting cases in which controlling questions of law affected "a significant change in the substantive rights at issue between the parties bearing directly on the case's ultimate resolution"); *Padilla v. DISH Network L.L.C.*, 2014 WL 539746, at *5 (N.D. Ill. Feb. 11, 2014) (denying motion to certify interlocutory appeal despite finding whether the Satellite Home

---

1007 (7th Cir.2002). Here, Plaintiff seeks review of whether ODRISA implies a private right of action. The Seventh Circuit could decide the issue without having to examine the factual record. Therefore, Plaintiff's motion meets the first statutory criterion. So too with timeliness. Plaintiff filed this motion within one month of the Court issuing its Order. This timeframe is not unreasonable, especially in the absence of prejudice to Defendants.

4

Viewer Extension and Reauthorization Act provides a private right of action for monetary damages in particular circumstances was a controlling question of law); *Cima v. Wellpoint Health Networks, Inc.*, 2008 WL 4449531, at *3 (S.D. Ill. Sept. 29, 2008) (same disposition regarding availability of a private right of action under the Illinois HIPAA statute); *Harris Tr. & Sav. Bank v. Salomon Bros., Inc.*, 1996 WL 652722, at *2 (N.D. Ill. Sept. 24, 1996) (same regarding a private right of action under ERISA).

Furthermore, as Plaintiff argues, reversal of the Court's Order will substantially increase Defendants' liability. *See* [28] at 5. Plaintiff estimates Defendants' potential liability for its alleged ODRISA violations exceeds $10 million. *Id.* Thus, the question also will affect the course of the litigation by impacting the putative class's potential recovery.

### B. Contestable Question of Law

The next requirement under § 1292(b) is that the question presents a contestable issue. A question of law is contestable if there are substantial, conflicting decisions regarding the claimed controlling issue of law or the question is not settled by controlling authority. *Flynn v. Exelon Corp.*, 2022 WL 267915, *3 (N.D. Ill. Jan. 28, 2022). The movant must also show there is a substantial likelihood that the district court ruling will be reversed on appeal. *Id.*

The novelty of an issue may demonstrate that an issue is contestable. *See Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief And Dev.*, 291 F.3d 1000, 1007–08 (7th Cir. 2002) (accepting questions of first impression as contestable); *see,*

5

*e.g.*, *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 2012 WL 13209677, at *1 (N.D. Ill. Dec. 10, 2012) (denying motion for interlocutory appeal and finding "debatable" issues of first impression do not satisfy the standard of § 1292(b)); *Hollinger Int'l, Inc. v. Hollinger, Inc.*, 2005 WL 327058, at *3 (N.D. Ill. Feb. 3, 2005) (same disposition despite lack of precedent). Lack of precedent, however, is not dispositive. "The fact that a question is unsettled or … may involve a matter of first impression may make the issue more difficult and debatable, but it does not, in the Court's view, make section 1292(b) certification appropriate without more." *All Funds on Deposit with R.J. O'Brien & Assocs.*, 2012 WL 13209677, at *1. Otherwise, interlocutory appeals would be permitted any time a new statute was contested for the first time, thus expanding the number of interlocutory appeals well beyond what § 1292(b) contemplates. *Id.*

Plaintiff has not satisfied the statutory test. There is neither controlling precedent nor conflicting opinions regarding question of whether there is an implied private right of action under ODRISA. Although this Court is the first to address the issue since the Act was amended in 2023 and 2025, the state and federal courts that examined this issue relied upon the *unamended* ODRISA enforcement provision. *See* [23] at 11–12 (analyzing pre-amendment opinions). Accordingly, Plaintiff has not shown a substantial likelihood the Order will be overturned on appeal. *See Emley v. Wal-Mart Stores, Inc.*, 2020 WL 108374, at *5 (S.D. Ind. Jan. 8, 2020) (describing "the prevailing approach adopted by district courts, including [the Seventh Circuit], is to impose a rigid standard for 'contestability' which can be satisfied only in rare

6

circumstances, such as when there is a 'substantial likelihood' that the district court's order would be reversed on appeal").

### C. Advancement of the Termination of Litigation

Lastly, the Court looks to the speed of litigation. Interlocutory appeals should only be certified when it "promise[s] to speed up the litigation." *Ahrenholz*, 219 F.3d at 675 (emphasis in original). The Seventh Circuit has stated that § 1292(b) must be used sparingly "lest interlocutory review increase the time and expense required for litigation," *Asher v. Baxter Int'l., Inc.*, 505 F.3d 736, 741 (7th Cir. 2007), and has cautioned against improvident certification of interlocutory issues because they "too frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system." *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000).

Plaintiff argues early appellate review will speed up the litigation by providing clarity about what claims will proceed and facilitate settlement. [28] at 6. Additionally, Plaintiff claims early appellate review will avoid a parallel action enforced by the Illinois Department of Labor and the Illinois Attorney General. *Id.* at 6–7. Defendants counter that interlocutory appeal would slow down the litigation and require the parties to reconsider their discovery strategy. [30] at 10–11.

Neither party's arguments persuade the Court. To the extent the settlement is a motivating factor, the parties are free to negotiate a global settlement inclusive of a release of ODRISA claims. And the Court is not clear as to what, if any, additional discovery is needed to prosecute ODRISA claims beyond the discovery needed related

to the remaining claims, all of which relate to when putative class/collective action members worked and how much they were paid. Thus, Plaintiff has not met the final statutory criterion. Because all statutory criteria must be met before a district court my certify a question for interlocutory appeal, the Court cannot certify for interlocutory appeal the question of whether ODRISA provides a private right of action.

## IV. Conclusion

For the stated reasons, Plaintiff's motion to certify an issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). [27], [28] is denied.

E N T E R:

Dated: January 23, 2026

MARY M. ROWLAND
United States District Judge